**Micheal GOWAN, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., Appellees.**

**No. 06–02–00126–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 23, 2002.

Decided Feb. 7, 2003.

Micheal Gowan, appellant pro se.

Deven K. Desai, Assistant Attorney General, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Micheal[1] Gowan appeals the dismissal of his civil suit against the Texas Department of Criminal Justice and some of its employees (collectively, TDCJ). Gowan, an inmate proceeding pro se and in forma pauperis, sued TDCJ alleging it lost some of his property in the course of moving him from one facility to another and retaliated against him for pursuing administrative and other remedies. TDCJ filed a motion to dismiss Gowan's suit because he failed to file a proper affidavit of previous filings as required by TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon 2002). The trial court granted TDCJ's motion.

On appeal, Gowan contends the trial court abused its discretion in dismissing his suit because his affidavit of previous filings complies with the purpose of Section 14.004. He also contends the trial court should not have dismissed his suit

without giving him an opportunity to respond to TDCJ's motion. He further contends Chapter 14 violates his rights under the Open Courts Provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13.

A trial court may dismiss a suit filed by an indigent inmate either before or after service of process if it finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a) (Vernon 2002). An inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or unsworn declaration identifying every suit filed pro se (except suits filed under the Texas Family Code) he or she has previously filed. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a)(1). The affidavit must (1) state the operative facts for which relief was sought, (2) give the case name, cause number, and the court in which the suit was brought, (3) identify each party named in the suit, and (4) state the result of the suit, including whether the suit was dismissed as frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a)(2). If the affidavit or unsworn declaration states that a previous suit was dismissed as frivolous or malicious, then the affidavit or unsworn declaration must also provide the date of the final order affirming the dismissal. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(b).

The purpose of Section 14.004 is to assist the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a). *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ). Therefore, a trial court may dismiss a suit under Section 14.003(a) without a hearing when an inmate fails to file the affidavit required under Section 14.004. *Thomas v. Knight,*

---

**1.** In his petition and elsewhere in the record, Gowan spells his first name "Micheal." The trial court's order spells it "Michael." In this opinion, we use the former spelling.

52 S.W.3d 292, 293 n. 2 (Tex.App.-Corpus Christi 2001, pet. denied) (citing Tex. Civ. Prac. & Rem.Code Ann. § 14.003(c)); *Williams v. Brown*, 33 S.W.3d 410, 411 (Tex.App.-Houston [1st Dist.] 2000, no pet.). When an inmate does not comply with the requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous. *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Bell v. Tex. Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *see White v. State*, 37 S.W.3d 562, 563–64 (Tex.App.-Beaumont 2001, no pet.).

■ Gowan contends the trial court abused its discretion in dismissing his suit because he filed an affidavit of previous filings. In his affidavit, Gowan asserted he had filed "one (1) previous suit aginst [sic] TDCJ–ID in Anson County under the Declaratory Judgement Act." The facts of that case "surrounded TDCJ–ID's placement of my person in a transfer facility in Abilene in violation [of] Tex. Gov't Code § 499.152...." He stated that the suit was filed in the 259th District Court, that he did not have the cause number, that it was styled "In Re Micheal Gowan," and that it was dismissed with "a one line sentence with no reason stated for the dismissal." He asserts he was not cited for making a malicious or frivolous filing.

TDCJ contends the affidavit is deficient because it fails to state the cause number of his previous suit. In *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex.App.-Houston [14th Dist.] 2001, no pet.), the court of appeals held that the appellant's affidavit, which did not identify the parties or the operative facts of his previous suits, did not constitute substantial compliance with the requirements of the statute. The

court held that the appellant's affidavit would not enable the trial court to determine that the suit was frivolous because the appellant had already filed a similar claim. *Id.*

In contrast, Gowan's affidavit informed the trial court of the style of the previous suit, the county in which it was filed, the trial court, the name of the opposing party, the operative facts, and the fact it was dismissed. The only information missing was the cause number. Gowan explained he did not know the cause number.

From these assertions, we conclude Gowan substantially complied with the requirements of Section 14.004. By referring to Gowan's affidavit, the trial court could determine that the substance of Gowan's previous suit and his suit in the present case was different.

■ TDCJ also contends Gowan was dishonest with the trial court because records from the Texas Attorney General's Office (which represents TDCJ) show Gowan has been a pro se plaintiff in several other suits. TDCJ did not present evidence of its contentions; rather, its allegations were contained only in its motion to dismiss. Pleadings are not evidence, even if they are sworn or verified. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995).

■ Nevertheless, we conclude the trial court did not abuse its discretion. Gowan's affidavit asserts he has filed "one (1) previous suit aginst [sic] TDCJ–ID...." He does not disclose whether he has filed any other suits pro se against other defendants, as Section 14.004(a)(1) requires. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.004(a)(1). Gowan's affidavit, therefore, leaves the trial court in doubt about the extent of his previous pro se filings.

Gowan contends the trial court erred in dismissing his suit without giving him an

opportunity to respond to TDCJ's motion to dismiss. The record shows Gowan filed this response after the trial court dismissed his suit.

The trial court's action was not an abuse of discretion. As mentioned previously, the purpose of Section 14.004 is to aid the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a). *Hickson*, 926 S.W.2d at 399. Under Section 14.003(a), a suit can be dismissed either before or after service of process. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a). It follows then that, if Gowan filed a deficient affidavit, his suit was subject to dismissal without a hearing or allowing Gowan an opportunity to respond. *See Obadele*, 60 S.W.3d at 349; *Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Gowan further contends Chapter 14 of the Texas Civil Practice and Remedies Code violates his rights under the Open Courts Provision of the Texas Constitution. This issue is not preserved for our review because Gowan did not raise it in the trial court. *See* TEX.R.APP. P. 33.1(a). Nevertheless, other courts have held various sections of Chapter 14 do not violate the Open Courts Provision. *Hughes v. Massey*, 65 S.W.3d 743, 744 (Tex.App.-Beaumont 2001, no pet.) (holding Section 14.006(f) does not violate Open Courts Provision); *Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (Section 14.005(b)); *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex.App.-Beaumont 2000, pet. denied) (Section 14.004(a), (b); Section 14.005(a), (b)).

We affirm the trial court's judgment.