In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-062 CV


____________________



CAMERON LIGHT, Appellant



V.



EDWARD WOMACK AND CARSIDONIA (1) LAPAGLIA, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV-20,338






OPINION


 Cameron Light, an inmate in the Texas Department of Criminal Justice, Institutional
Division, filed a negligence suit against Institutional Division employees Edward Womack
and Carsidonia LaPaglia. Light alleged that he sustained a whiplash injury when a newly
installed water heater toppled on him, and that the defendants were negligent in their
supervision of the heater's installation and in their maintenance of the safety of the boiler
room in which Light worked. Light also alleged that he sustained economic injuries in the
form of an $821 ambulance bill and a $5,897 commissary account charge by the
Department for the cost of a new water tank. Without prior notice, the trial court
dismissed the suit for failure to file an affidavit of previous filings. Light challenges that
dismissal in two points of error. We reform the judgment below, and, as reformed, affirm
the court's decision.

 Point of error one urges that the trial court erred in dismissing appellant's suit for
noncompliance with Section 14.004. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon 2002). Light concedes that Section 14.004 is not satisfied by an unverified denial
of previous filings within the body of the petition. See Jackson v. Texas Dep't of Criminal
Justice-Institutional Div., 28 S.W.3d 811, 814 (Tex. App.--Corpus Christi 2000, pet.
denied). Light argues that he satisfied the statute by providing within the body of his
affidavit of indigence a declaration that he had not previously sued any governmental entity
or employee. The statement to which he refers is made under penalty of perjury. See
Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon 2002). Nonetheless, Section
14.004 requires that an inmate who files an affidavit or unsworn declaration of inability
to pay costs must file a separate affidavit or declaration relating to previous filings. The
affidavit requirement is not excused in cases where the inmate has not previously filed
litigation. Therefore, Light did not strictly comply with the applicable statute. 

 Light argues that he substantially complied with Section 14.004 because his affidavit
of indigence included the following statement: "This is also to verify that I have not filed
any other lawsuits against any government entity or employee of the State of Texas." Had
the declaration been provided in the separate affidavit required by Section 14.004, its
content would be deficient because Light limited his declaration to suits filed against a
governmental entity or employee. In Gowan v. Texas Dep't of Criminal Justice, 99
S.W.3d 319, 322 (Tex. App.--Texarkana 2003, no pet.), the court held that the inmate
substantially complied with the affidavit requirement by filing a separate declaration that
identified a previously filed suit by style but not by number, but concluded that the trial
court acted within its discretion because the declaration failed to disclose whether the
appellant had filed other suits in addition to the one suit described in the declaration. 
Similarly, Diles v. Henderson, 76 S.W.3d 807, 810 (Tex. App.--Corpus Christi 2002, no
pet.), held that a declaration that the inmate had not previously filed a lawsuit in forma
pauperis failed to comply with the requirements of Section 14.004 because Section 14.004
requires disclosure of all pro se suits and is not limited to disclosure of in forma pauperis
suits. Here, Light disclosed that he had not previously filed a suit against a government
entity or employee of the State of Texas, but failed to declare whether he had previously
filed a pro se non-Family Code suit against a defendant other than a governmental entity
or employee of the State of Texas. It is possible that Light previously filed a suit against
a private individual in connection with the injury alleged in the instant suit. Light's
affidavit left the trial court in doubt about the extent of his previous pro se filings. See
Gowan, 99 S.W.3d at 322. We hold the trial court did not abuse its discretion by
dismissing as frivolous appellant's lawsuit. Point of error one is overruled.

 Point of error two contends that the trial court erred in dismissing appellant's suit
"with prejudice." A dismissal for failure to comply with the rules governing the filing of
in forma pauperis suits is not a ruling on the merits. Hughes v. Massey, 65 S.W.3d 743,
746 (Tex. App.--Beaumont 2001, no pet.). If the deficiency in the inmate's suit may be
remedied in a subsequent filing, then a dismissal with prejudice is improper. Hickman v.
Adams, 35 S.W.3d 120, 124 (Tex. App.--Houston [14th Dist.] 2000, no pet.). "The
proper remedy is to modify the judgment by deleting the words 'with prejudice' and by
substituting the words 'without prejudice.'" Hughes, 65 S.W.3d at 746 (citing Tex. R.
App. P. 43). 

 Point of error two is sustained. We reform the judgment to provide the cause is
dismissed without prejudice. As reformed, the judgment is affirmed.

 AFFIRMED AS REFORMED.


 PER CURIAM


Submitted on August 4, 2003

Opinion Delivered August 14, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The name "Carsidonia" also appears in the record as "Corsidonia."