NO. 07-03-0409-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2004

_____

RANDY JACKSON, APPELLANT

V.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,252-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Randy Jackson challenges the trial court's order dismissing his tort claim against the Texas Department of Criminal Justice for failure to comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code. Presenting two points of error, he contends the trial court abused its discretion in dismissing his case

(1) by applying chapter 14 in an unreasonable manner, and (2) by failing to abide by guiding judicial principles of equity. We reverse and remand.

Jackson filed his original complaint and other necessary documents on July 30, 2003, alleging he sustained personal injuries from security personnel acting within the scope of their employment with the Texas Department of Criminal Justice. Specifically, he contends he sustained injuries from having to sit on the concrete floor of the dayroom for extended time periods because only 24 seats were provided for 48 prisoners. He described the floor as "dirty from trash, food particles, beverage spills, and contaminated and urine-infested puddles." He also alleged that the Department's employees threatened disciplinary action for non-compliance. On August 11, 2003, the trial court *sua sponte* signed an order dismissing Jackson's suit for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code.

By two points of error, Jackson contends the trial court abused its discretion in dismissing his suit. Prior to submission of this appeal, the Office of the Texas Attorney General notified us by letter that it would not be filing a brief because it did not represent any party to this appeal, but did offer to provide an *amicus curiae* upon request. Following our request, the Attorney General concluded in its brief that the trial court properly dismissed Jackson's suit for failure to comply with section 14.004(a)(2)(A) because he did not "clearly list the operative facts for his previous lawsuit" making it difficult to determine if the current lawsuit is substantially similar to his previous suit. Jackson filed a reply brief

2

responding to the Attorney General's argument again asserting abuse of discretion by the trial court in dismissing his suit. We agree with Jackson's contentions and disagree with the conclusion reached by the Attorney General.

In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); *see also* Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id.*

Jackson's suit is governed by the rules set forth in chapter 14 of the Code. Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ). The purpose of chapter 14 is to assist the trial court in determining whether a suit is malicious or frivolous under section 14.003(a). *Hickson*, 926 S.W.2d at 399. Thus, an inmate's suit may be dismissed without a hearing when he fails to comply with the requirements of section 14.004. *See* Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.–Houston [1st Dist.] 2000, no pet.).

The trial court's dismissal order does not indicate nor recite in what respect Jackson failed to comply with Chapter 14. Thus, we will review all documents filed by

3

Jackson in pursuit of his claim mindful that *pro se* pleadings are evaluated by less stringent standards than those applied to formal pleadings filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also* Giddens v. Brooks, 92 S.W.3d 878, 880 (Tex.App.–Beaumont 2002, pet. denied). Section 14.004 requires an inmate who files an affidavit of inability to pay costs to file a separate affidavit of every suit filed *pro se* without regard to whether he was an inmate at the time other than suits filed under the Texas Family Code. § 14.004(a)(1). Pursuant to subsection (a)(2) the affidavit shall describe each suit and (A) state the operative facts, (B) list the case name, cause number, and court in which suit was filed, (C) identify each party, and (D) state the result of the suit, including whether it was dismissed as frivolous or malicious. Finally, the affidavit must be accompanied by a certified copy of the inmate's trust account statement.

By his affidavit of previous filings, Jackson stated that he had filed a personal injury suit against the Texas Department of Criminal Justice for "cuts caused to several areas of my body by the condition and use of identification armbands placed on me by the defendant." He further provided the cause number, court in which suit was filed, and that the case was still pending at that time. He did not, however, provide the name of the case.

In Gowan v. Texas Department of Criminal Justice, *et al.*, 99 S.W.3d 319, 322 (Tex.App.–Texarkana 2003, no pet.), the inmate's failure to provide the cause number of a previous suit did not render the affidavit defective because it was apparent from the

4

record that the substance of the previous suit and the subject action were different and thus constituted substantial compliance with the requirements of section 14.004. Although the court in *Gowan* found substantial compliance with the requirements of section 14.004, it nevertheless concluded the trial court had not abused its discretion in dismissing the inmate's suit because the affidavit did not disclose whether the inmate had filed any other *pro se* suits against other defendants leaving the trial court in doubt about the extent of his previous *pro se* filings. *Id*. at 322. We decline to follow the *Gowan* decision which, in effect, adds an additional statutory requirement to section 14.004 which the Legislature did not include.

Jackson's affidavit contains all the requirements of section 14.004(a)(2) except the case name. However, because the affidavit states that Jackson filed suit against the Texas Department of Criminal Justice, it was sufficient to identify him as the plaintiff and the Department as the defendant and thus constitutes substantial compliance with section 14.004(a)(2)(B).

The Attorney General contends that Jackson did not provide sufficient operative facts to satisfy subsection (a)(2)(A) and apprise the trial court of any similarity to his previously filed suit. This contention fails. Jackson described his previous suit as one for cuts caused to several areas of his body caused by the condition and use of identification armbands while his present suit is for pain in his lower back, gluteus maximus, and legs

5

caused by sitting on concrete floor for extended periods of time. From these facts alleged, it is apparent that Jackson's present suit was not similar to the one previously filed.

As required by section 14.004(c), the clerk's record contains a certified copy of Jackson's trust account statement. Having reviewed all the requirements of section 14.004, we conclude Jackson's affidavit relating to previous filings complies with all the statutory requirements.

Section 14.005(b) of the Code authorizes a trial court to dismiss an inmate's claim if he fails to exhaust his administrative remedies through the grievance system. The clerk's record contains Jackson's Step 1 and Step 2 grievance offender forms in which he details his complaints regarding his current suit, as well as copies of the written responses from the grievance system. *See* § 14.005(a)(1) & (2).

The record before us demonstrates that Jackson complied with all the requirements of sections 14.004 and 14.005 in filing his personal injury action. We conclude the trial court abused its discretion in dismissing his suit for failure to comply with chapter 14 of the Code. Points of error one and two are sustained.

We have not overlooked the argument of the Attorney General that the dismissal order was proper under section 14.003(a)(2) which authorizes a trial court to dismiss an inmate's action if it is frivolous or malicious or under section 14.003(b)(2) because the claim has no arguable basis in law or in fact. Here, however, the order of dismissal does

not indicate that it was based upon a determination by the trial court that the action was frivolous or malicious or that the claim had no arguable basis in law or in fact. *See* Gaston v. Coughlin, 249 F.3d 156, 164-66 (2d Cir. 2001) (stating that feces and urine on a prison floor over an extended period of time when known to prison official may constitute cruel and unusual punishment remediable by suit).

Without expressing any opinion as to the merits of the argument of the Attorney General, the judgment is reversed and the cause is remanded to the trial court for further proceedings.

Don H. Reavis
Justice