Opinion issued January 6, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01332-CV




JAMES WILLIAMS, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL
DIVISION, CYNTHIA WOOD, AND TIM MORGAN, Appellees




On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 22,133




MEMORANDUM OPINION
          Appellant, James Williams, an inmate currently incarcerated at the Ellis Unit
of the Institutional Division of the Texas Department of Criminal Justice (“TDCJ-ID”), appeals the trial court’s order dismissing his lawsuit, as frivolous, against
TDCJ-ID and two TDCJ-ID employees. In two points of error, appellant contends
that the trial court abused its discretion by (1) “dismissing appellant’s lawsuit without
reference to any guiding principles” and (2) failing to grant appellant’s motion for
default judgment and his motion for an evidentiary hearing. We affirm. 
BACKGROUND
          On July 2, 2003, appellant filed a lawsuit in forma pauperis against appellees,
claiming that TDCJ-ID employee Cynthia Wood confiscated all his personal property,
including his “legal material,” in retaliation for his having filed a grievance against
her. In an unsworn declaration attached to his original petition, appellant admits to
having filed “several lawsuits in federal court.” Appellant averred that he could not
provide any details regarding those lawsuits “due to defendant Wood[’s] . . .
confiscation of my legal material.”
          Despite his assertion that he could provide none of the details regarding his
previous lawsuits, appellant subsequently asserted, in a post-dismissal pleading to the
trial court, that “the substance” of his federal lawsuits was different. In this pleading,
appellant invited the trial court to look at “the Attorney General’s office” records if
it wanted to check. Appellant did not re-state his prior assertion that he could provide
none of the details regarding his previous litigation; rather, he stated that he could not
“substantial comply” with the requirements of section 14.004(a) of the Texas Civil
Practice and Remedies Code.



DISCUSSION
Standard of Review
          We review the trial court’s dismissal of appellant’s action as frivolous for an
abuse of discretion. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). Because appellant filed an unsworn declaration of inability
to pay, the trial court had broad discretion to dismiss the lawsuit as frivolous or
malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002);
Lentworth, 981 S.W.2d at 722. A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles. Lentworth, 981
S.W.2d at 722. 
Dismissal as Frivolous
          Section 14.003 allows a trial court to dismiss an inmate’s lawsuit before or after
process is served if the court finds, inter alia, that the claim is frivolous or malicious. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether a claim
is frivolous or malicious, the court may consider whether (1) the claim’s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact;
(3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim
is substantially similar to a previous claim filed by the inmate because the claim arises
from the same operative facts. Id. § 14.003(b) (Vernon 2002). In making its
determination under section 14.003, the court may also take into consideration the
requirements imposed by section 14.004. Samuels v. Strain, 11 S.W.3d 404, 407 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).In this case the trial court did not give a reason for finding appellant’s lawsuit
to be frivolous, and appellant made no request for findings of fact or conclusions of
law. We must, therefore, imply all the necessary findings to support the judgment. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Terry v. Terry, 920 S.W.2d
423, 426 (Tex. App.—Houston [1st Dist.] 1996, no writ). Because appellant did not
comply with the mandatory requirements of section 14.004(a)(2), the trial court could
have properly assumed the lawsuit before it was “substantially similar” to the federal
lawsuits appellant admits to filing previously. Samuels, 11 S.W.3d at 407.
          The purpose of section 14.004 is to assist the trial court in determining whether
a lawsuit is malicious or frivolous under section 14.003(a). Gowan v. Texas Dept. of
Criminal Justice, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.). To
relieve appellant completely of his duties and to shift the burden onto the trial court
would be contrary to the legislature’s intent “for Chapter 14 to reduce frivolous inmate
litigation.” See Warner v. Glass, 135 S.W.3d 681, 685 (Tex. 2004) (noting that 
legislature’s intent was to reduce frivolous inmate litigation); see also Thompson v.
Rodriguez, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (noting that
inmate cannot shift burden to trial court to seek necessary information concerning
suits”). 
          We do not accept appellant’s implicit assertion that he is completely excused
from his burden of providing any details regarding his federal lawsuits—even the bare
operative facts and outcomes, which his post-dismissal pleading demonstrates he
recalled and could have provided. Thompson, 99 S.W.3d at 329-30 (holding affidavit
that did not list operative facts and outcomes of previous litigation insufficient, despite
inmate’s asserted lack of access to records, because inmate “obviously has some
knowledge of them since he filed them”); cf. Gowan, 99 S.W.3d at 321 (concluding
that inmate’s affidavit substantially complied with section 14.004 because all that was
missing was cause number inmate did not know and, from information provided, “trial
court could determine that the substance . . . was different”); see also Bell v. Texas
Dept. of Criminal Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex.
App.—Houston [14th Dist.] 1998, no pet.) (affirming trial court’s dismissal as
frivolous because inmate’s affidavit, which listed specific details regarding previous
lawsuits, failed to include operative facts and names of parties).
We overrule appellant’s first point of error.
Failure to Grant Appellant’s Motions
          In his second point of error, appellant complains of the trial court’s failure to
grant his motion for default judgment and subsequent motion for an evidentiary
hearing regarding his motion for default judgment. Appellant did not request a
hearing on his motion for default judgment until November 24, 2003, which
happened to be the same day the trial court dismissed his lawsuit. A trial court is not
required to hold a hearing before dismissing a lawsuit under section 14.003. Spurlock
v. Johnson, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). Under the
statute, the trial court could find appellant’s lawsuit frivolous and dismiss it at any
time, with or without a motion or hearing. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2).
          We overrule appellant’s second point of error. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Higley, and Hanks.