# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00087-CV

**Henry Chavez, Appellant**

**v.**

**Texas Board of Pardons and Paroles, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-06-000232, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Henry Chavez, appearing pro se, appeals from the order of dismissal of his suit against the Texas Board of Pardons and Paroles (the "Board") and the Texas Department of Criminal Justice (the "Department").[1] Chavez originally filed a petition for writ of mandamus in Travis County, requesting that the trial court order the Board and the Department to release him from prison. The Board and the Department filed a motion to dismiss under chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). After conducting a hearing by telephone, the trial court granted the motion to dismiss. We affirm the trial court's order of dismissal.

---

[1] While the underlying suit was brought against both the Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice, Chavez named the Board as the sole appellee in the notice of appeal and docketing statement that he filed with this Court.

## BACKGROUND

Chavez, an inmate in the Department's institutional division, filed a petition for writ of mandamus against the Board and the Department, claiming that he should be released to mandatory supervision. Chavez argued that while the legislature has not provided that inmates who have been convicted of aggravated sexual assault, such as himself, are eligible for release to mandatory supervision, this legislative choice violates his constitutional rights.[2]

The Board and the Department filed a motion to dismiss under section 14.003 of the civil practice and remedies code, which provides that a suit filed by an inmate may be dismissed if the court finds that the claim is frivolous or malicious. *See id.* § 14.003(a)(2). The trial court set a telephonic hearing on the motion for September 13, 2007, which was later rescheduled for October 11, 2007. *See id.* § 14.003(c) (providing that trial court may hold hearing to determine whether to dismiss inmate's claim as frivolous or malicious). After the October 11 hearing, at which Chavez was allowed to participate by telephone, the trial court signed an order dismissing Chavez's suit with prejudice as frivolous and denying Chavez's requests for a record of the hearing and findings of fact and conclusions of law.

Chavez appeals from the order of dismissal, arguing that his due-process rights were violated because (1) he did not have proper notice of the October 11 hearing on the motion to dismiss, (2) the trial court denied his request to have the hearing recorded or transcribed, and (3) the trial court refused to issue findings of fact and conclusions of law.

---

[2] While the clerk's record does not contain Chavez's petition, the content of the petition is described in the motion to dismiss.

**DISCUSSION**

Chapter 14 of the civil practice and remedies code applies special procedural rules to inmates who have filed declarations of inability to pay costs in civil causes of action, other than those brought under the family code. *See id.* § 14.002. Section 14.003 authorizes a trial court to dismiss an inmate's claim if the court determines, among other things, that the claim is frivolous. *Id.* § 14.003(a)(2). "The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits." *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). The procedural rules set forth in chapter 14 may not be modified or repealed by the regular rules of civil procedure. Tex. Civ. Prac. & Rem. Code Ann. § 14.014.

We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Presiado v. Sheffield*, 230 S.W.3d 272, 274 (Tex. App.—Beaumont 2007, no pet.). A trial court has broad discretion to dismiss an inmate's suit as frivolous "because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In his first issue on appeal, Chavez complains that he did not receive prior notice that the hearing on the motion to dismiss was set for October 11, 2007, after the original hearing date was

postponed. While Chavez participated in the hearing by telephone, he contends that he "was not ready," and that the lack of notice prevented him from being sufficiently prepared.

The trial court's decision whether to conduct a hearing on a motion to dismiss under section 14.003 is discretionary. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (the court "*may* hold a hearing*" to determine whether to dismiss claim) (emphasis added); *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.). Furthermore, an inmate has no right to receive notice that a motion to dismiss under section 14.003 has been filed or to an opportunity to amend. *See Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.); *see also Bohannan v. Texas Bd. of Crim. Justice*, 942 S.W.2d 113, 116 (Tex. App.—Austin 1997, writ denied). Because the trial court could have dismissed Chavez's claim without providing a hearing or without giving notice that a motion to dismiss had been filed, it follows that the trial court did not abuse its discretion in dismissing the claim without providing prior notice of the dismissal hearing. *See Henderson v. Texas Bd. of Pardons & Paroles*, No. 03-99-00423-CV, 2000 Tex. App. LEXIS 474, at *3 (Tex. App.—Austin 2000, no pet.) (not designated for publication) (holding that it was "not mandatory that the court give notice of a hearing or even conduct a hearing to decide whether to dismiss" appellant's claim under section 14.003). Chavez's first issue is overruled.

Chavez argues, in his second issue on appeal, that his due-process rights were violated by the fact that the trial court denied his request to record or transcribe the dismissal hearing. As discussed above, the trial court was not required to provide Chavez with a hearing or an opportunity to respond before dismissing his claim under section 14.003. *See, e.g., Gowan v. Texas Dep't of*

*Crim. Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.).[3]  Because Chavez was not entitled to a hearing or an opportunity to respond, we conclude that, by extension, he was not entitled to a record of the hearing.  *See Guajardo v. Texas Bd. of Pardons & Paroles*, No. 03-03-00539-CV, 2004 Tex. App. LEXIS 4044, at *7-8 (Tex. App.—Austin 2004, no pet.) (mem. op., not designated for publication) (holding that because hearing is not required under section 14.003, "failure to record the hearing . . . did not impede [appellant's] right to appeal").  We overrule Chavez's second issue.

In Chavez's third issue, he argues that the trial court deprived him of due process by denying his request for findings of fact and conclusions of law.  When an abuse-of-discretion standard of review applies to a trial court's ruling, findings of fact and conclusions of law are not required unless a statute or rule specifically states otherwise.  *See In re M.J.G.*, 248 S.W.3d 753, 761 (Tex. App.—Fort Worth 2008, no pet.); *Davis v. Spring Branch Med. Ctr., Inc.*, 171 S.W.3d 400, 413 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Therefore, because we review the dismissal of an inmate's claim under chapter 14 for an abuse of discretion, *Presiado*, 230 S.W.3d at 274, and because chapter 14 is silent on findings of fact and conclusions of law, we hold that the trial court was not required to issue findings of fact and conclusions of law in relation to the dismissal of Chavez's claim.  *See Brown v. Law Office of Moore & Moore*, No. 02-04-00262-CV, 2005 Tex. App. LEXIS 4387, at *3 (Tex. App.—Fort Worth 2005, no pet.) (mem. op., not designated for publication) (holding that findings of fact and conclusions of law were not

---

[3] This Court has also held that if a dismissal hearing is conducted, the inmate is not necessarily entitled to participate.  *See Hunt v. Rodriguez-Mondoza*, No. 03-06-00117-CV, 2007 Tex. App. LEXIS 7250, at *4-5 (Tex. App.—Austin 2007, pet. denied) (mem. op.).

required where suit was dismissed as frivolous under section 14.003). As a result, Chavez's third issue is overruled.

Chavez briefly addresses the merits of the chapter 14 dismissal of his claim for the first time in his reply brief on appeal, presumably in response to the discussion of these issues in the appellee's brief. An appellant may not raise a new issue in a reply brief "in response to some matter pointed out in the appellee's brief but not raised by appellant's original brief." *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied); *see also* Tex. R. App. P. 38.3. Therefore, Chavez has waived any challenge to the substantive merits of the chapter 14 dismissal due to his failure to assert any such challenge on appeal until his reply brief.

**CONCLUSION**

Because we have determined that Chavez's due-process rights were not violated by the trial court's failure to provide Chavez with advance notice of the hearing on the motion to dismiss, a record of the hearing, or findings of fact and conclusions of law, we affirm the trial court's order of dismissal.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   August 13, 2008