

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00086-CV

_____

WILLIAM W. FREY, Appellant

V.

DONNIE FOSTER, SHERIFF OF FANNIN COUNTY, FANNIN COUNTY, DR. JAGDISH
SHAH, COMMUNITY EDUCATION CENTERS, INC., Appellees

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-12-40619

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

William W. Frey slipped in the shower of the Fannin County Jail and fractured his ankle. Frey filed a petition complaining of the slip-and-fall, general conditions of the Fannin County Jail, and the medical treatment he received for his ankle.[1] The petition prayed for monetary relief for negligence, gross negligence, medical negligence, pain, suffering, and permanent disability from defendants Donnie Foster, Sheriff of Fannin County, Fannin County, Dr. Jagdish Shah, and Community Education Centers, Inc. (the CEC). Previously, the trial court dismissed Frey's suit on the ground that he failed to exhaust the administrative remedies provided by the inmate grievance system as required by Section 14.005 of the Texas Civil Practice and Remedies Code. *See Frey v. Foster*, No. 06-12-00074-CV, 2012 WL 6674438, at *2 (Tex. App.— Texarkana Dec. 21, 2012, no pet.) (mem. op.); TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002).

The trial court's first dismissal was previously reviewed by this Court. In our prior opinion, we explained that while most of Chapter 14 applied to Frey's inmate lawsuit, Section 14.005 did not apply because (1) Section 14.005 only applies to claims that are subject to a grievance system established under the authority of Section 501.008 of the Texas Government Code, (2) Section 501.008 of the Texas Government Code authorizes the TDCJ–CID to establish a grievance procedure, (3) Frey's claims related to events that occurred at the Fannin County Jail, (4) there was no evidence that claims arising at the Fannin County Jail were subject to any grievance procedure established by the TDCJ–CID, and (5) thus, there was no evidence that

---

[1] Frey is currently an inmate of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ–CID).

Frey's claims were subject to grievance procedures established under the authority of Section 501.008 of the Texas Government Code. *Frey*, 2012 WL 6674438, **2–3; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; TEX. GOV'T CODE ANN. § 501.008 (West 2012). Thus, we reversed the trial court's dismissal and remanded the case for further proceedings. *Frey*, 2012 WL 6674438, at *3.

Following our remand, Fannin County, Foster, and the CEC again moved to dismiss Frey's suit on the ground that he failed to exhaust administrative remedies pursuant to Section 14.005. This time, they attached a handbook that was provided to Frey concerning grievance procedures, along with a letter from the Texas Commission on Jail Standards approving the grievance procedures set forth therein.[2] Additionally, (1) Fannin County moved to dismiss Frey's suit based on governmental immunity, (2) Foster moved to dismiss Frey's suit based on qualified immunity, (3) Fannin County, Foster, and the CEC moved to dismiss Frey's suit on the ground that he failed to file a separate affidavit or declaration as required by Section 14.004 of the Texas Civil Practice and Remedies Code, and (4) Shah filed a motion to dismiss Frey's medical negligence claim on the ground that he did not fulfill the medical expert report requirement of Section 74.351 of the Texas Civil Practice and Remedies Code.

Following a hearing on these motions, the trial court dismissed Frey's claims against Fannin County, Foster, and the CEC because it again found that Frey failed to exhaust administrative remedies under Section 14.005, ruled that Frey's claims were frivolous under

[2]State jails are operated by the TDCJ–CID. 37 TEX. ADMIN. CODE ANN. § 152.1 (West, Westlaw current through Feb. 27, 2014). However, the Texas Commission on Jail Standards is the governmental agency which is charged with oversight of inmate grievance plans in county jails. 37 TEX. ADMIN. CODE ANN. §§ 251.1, 283.3 (West, Westlaw current through Feb. 27, 2014). The Texas Commission on Jail Standards is not a division of the TDCJ. TEX. GOV'T CODE ANN. § 493.002 (West 2012).

3

Section 14.003 because he failed to meet Section 14.004's requirements, and determined that Fannin County and Foster's assertion of immunity was proper. The trial court also granted Shah's motion based on Section 74.351 and dismissed Frey's claims against Shah with prejudice. Frey appeals the dismissal of his claims.

We review a dismissal under Chapter 14 for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators*, *Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985).

Chapter 14 of the Texas Civil Practice and Remedies Code governs all civil lawsuits (except for those under the Texas Family Code) brought by Texas inmates in a state district, county, justice of the peace, or small claims court and in which the inmate files an affidavit or unsworn declaration of the inability to pay the court costs associated with filing litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013). We will only address issues related to Sections 14.003 and 14.004 of the Texas Civil Practice and Remedies Code since we find them dispositive of this appeal.

Section 14.003 permits a court to dismiss an inmate lawsuit if the claims asserted are frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In making such a determination, the court may consider whether the plaintiff's claim is substantially similar to a previous claim filed by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (West 2002). This is accomplished through the affidavit or unsworn

4

declaration requirement set forth in Section 14.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014); *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.) ("The purpose of Section 14.004 is to assist the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a).").

In relevant part, Section 14.004 of the Texas Civil Practice and Remedies Code requires an inmate plaintiff to file a separate affidavit or declaration identifying each prior suit brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). As to each prior suit, the affidavit or declaration must specify the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit. *Id.* The affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's trust account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c). These procedural prerequisites are designed "to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Accordingly, an inmate's appeal is subject to dismissal if the inmate does not comply with Sections 14.003 and 14.004 by filing an additional affidavit or unsworn declaration of previous filings and a certified copy of his inmate trust account statement showing the balance at the time the appeal was filed. *Douglas v. Moffett*, 418 S.W.3d 336, 338 (Tex. App—Houston [14th Dist.] 2013, no pet.); *see Caldwell v. 87th Dist. Court*, No. 12-13-00323-CV, 2013 WL 6040350, at *1

(Tex. App.—Tyler Nov. 13, 2013, no pet. h.) (mem. op.); *Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet.); *Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2–3 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.).

We noticed that Frey had filed neither an affidavit or unsworn declaration of previous filings nor a certified copy of his inmate trust account statement on appeal. We sent a letter to Frey giving him the opportunity to cure these defects. Specifically, we instructed Frey:

> Section 14.004 of the Texas Civil Practice and Remedies Code requires an inmate plaintiff to file an additional affidavit or declaration identifying each prior lawsuit filed by the inmate without the benefit of legal representation, except for suits filed under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). . . . As to each prior lawsuit, the affidavit or declaration must specify the operative facts, the case name or style, the cause number, the court in which it was brought, the names of the parties, and the result of the suit. *Id.* If a previous action or claim was dismissed as frivolous or malicious, the affidavit or unsworn declaration of previous filings must state the date of any final judgment or order affirming the dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(b).

> Additionally, the affidavit or unsworn declaration of previous filings must be accompanied by a certified copy of the inmate plaintiff's inmate trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c); 14.006(f); *see Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Frey responded by filing an unsworn declaration listing several lawsuits. However, the appellees filed an objection to Frey's affidavit which attached certified court documents proving that Frey had filed other lawsuits that he failed to include in his affidavit of previous filings. Additionally, Frey's certified copy of his inmate trust account statement was supposed to reflect the account activity for the six months preceding the date the appeal was filed. Instead, Frey's

6

trust account statement reflected the activity in his account during the six months prior to the date of our letter instructing him to cure the Chapter 14 defects. Therefore, Frey has failed to comply with Chapter 14.

Consequently, we dismiss Frey's appeal.


Bailey C. Moseley
Justice

Date Submitted:     February 13, 2014
Date Decided:       March 14, 2014