**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00200-CV**
_____

**RONALD MURRAY, Appellant**

**V.**

**POLK COUNTY SHERIFF DEPARTMENT, POLK COUNTY SHERIFF, POLK COUNTY DISTRICT ATTORNEY, MAYOR OF ONALASKA, ONALASKA CITY MANAGER, BILL ROY, GREG FINKENBINDER AND BUD WARREN, Appellees**

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV33805

**MEMORANDUM OPINION**

Pro se appellant Ronald Murray appeals from the trial court's dismissal of his lawsuit without prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. We affirm the trial court's judgment.

1

On July 9, 2020, Murray, an inmate in the Beto I Unit, filed a pro se petition against the Polk County Sheriff's Department, the Polk County Sheriff, the Polk County District Attorney, the Mayor of Onalaska, the City Manager of Livingston/Onalaska, Bill Roy, Greg Finkenbinder, and Bud Warren[1] under the Texas Theft Liability Act and 42 U.S.C. section 1983.[2] Murray alleged that "[t]he Defendant(s), individually and/or collectively, acquired the Plaintiff[']s personal business property and his home (27 foot travel trailer), without the express or implied permission of the plaintiff and either sold, kept, or pawned said property with the intent to permanently deprive the plaintiff of his property." According to Murray, the value of his travel trailer stolen by Appellees was approximately $25,000, and the value of his personal property inside the travel trailer stolen by Appellees was more than $45,000. His petition sought compensatory and punitive damages, declaratory relief, and attorney's fees.

According to the clerk's record, several weeks after he filed his original petition, Murray also filed documents he styled as a Motion to Proceed In Forma

---

[1] According to the appellate record, at the time of the trial court's dismissal of his claims, Murray had not yet requested service of his suit on the Defendants, and it does not appear that Murray ever served the Defendants with the suit or with a copy of his appeal. And no appellate briefs were filed by Defendant-Appellees.

[2] In his petition he does not state which specific statutes or laws he relies upon for relief. However, in his cover letter to the district court clerk wherein he enclosed his petition for filing he describes the petition as an "original civil suit petition pursuant to the Texas Theft Liability Act (TTLA) and 42 U.S.C. 1983[.]".

Pauperis, a Declaration in Support of Motion to Proceed In Forma Pauperis with a statement of his inmate trust fund account, and he also filed a document he styled as Declaration Relating to Previous Filings. In his Declaration Relating to Previous Filings, he stated as follows:

> [] I have never had a civil case that I personally filed dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.
>
> [] Approximately 25 years ago, I filed a civil rights suit, pursuant to 42 U.S.C. 1983 for 1st Amendment violations related to my religion, against the Arizona Department of Corrections (Murray v. AZ Doe) in which the case was settled out of court and I was allowed my religious literature and to practice in prison.
>
> [] Approximately 15 years ago, I filed a civil rights suit, pursuant to 42 U.S.C. 1983 for conditions of confinement against the Edwards County Sheriff[']s Dept. (Murray v. Edwards Co. Sheriff[']s Dept., et. al.) The defendants hired a multimillion dollar law firm of Shook, Hardy & Bacon. After 4 years of litigation, the pro se plaintiff succumbed to a loss by summary judgment. No strike was given against the pro se litigant, as the case had merit. The case was filed in the Federal District Court for the District of Kansas.
>
> [] I have filed no other actions.[3]

The trial court judge signed an order dismissing, without prejudice, Murray's claims as frivolous stating that he was not in compliance with Chapter 14 because he:

---

[3] In his Declaration Relating to Previous Filings, Murray also stated that his current civil action concerned the "theft of everything I own and the Texas Theft Liability Act." He also stated that the current suit was not subject to the grievance system.

[] failed to file a separate affidavit or declaration identifying each suit, other than a suit under the Family Code, previously brought by the plaintiff and in which the plaintiff was not represented by an attorney, without regard to whether the plaintiff was an inmate at the time the suit was brought, or
[] failed to fully describe each previous suit because the plaintiff:
[] failed to state the operative facts for which relief was sought;
[] failed to list the style, cause number, and court in which a previous suit was brought;
[] failed to identify each party named in a previous suit;
[] failed to state the result of a previous suit;
[and] failed to state the date of the final order(s) affirming the dismissal if a previous suit was dismissed as frivolous or malicious under the Texas Civil Practices and Remedies Code, Section 13.001, or Section 14.003, or otherwise[.]

*See id.* §§ 14.003(b)(4), 14.004. Murray appealed. In his sole appellate issue, Murray argues the trial court abused its discretion in dismissing his suit because he substantially complied with the requisites of Chapter 14.

The trial court may dismiss an inmate suit before or after service of process if it determines that the suit is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether the suit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id.* § 14.003(b). The court may consider whether the plaintiff's claim is substantially similar to a previous claim filed by the inmate based on the inmate's affidavit or

4

unsworn declaration requirement set forth in section 14.004. *See id.* §§ 14.003(b)(4), 14.004; *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.) ("The purpose of Section 14.004 is to assist the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a)."). As to each prior suit, the affidavit or declaration must specify the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.004. The affidavit or unsworn declaration must also be accompanied by a certified copy of the inmate's trust account statement. *Id.* § 14.004(c). These procedural prerequisites are designed "to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

We review the trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v.*

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant bears the burden of overcoming the presumption that the trial court's action was justified. *See Retzlaff*, 94 S.W.3d at 654.

Given the purpose of the statute, and considering our abuse-of-discretion review, we cannot say that the trial court abused its discretion in determining that Murray's affidavit failed to comply with section 14.004. The record reflects that while Murray filed a Declaration Relating to Previous Filings several weeks after he filed his original petition, his declaration does not state the complete case style, including the cause number and the court in which each of his other suits was filed, and he does not include the names of all the defendants. We have previously stated that an affidavit that does not identify the parties or operative facts in the prior litigation does not substantially comply with section 14.004. *See Knighten v. Brown*, No. 09-02-170-CV, 2003 Tex. App. LEXIS 402, at *6 (Tex. App.—Beaumont Jan. 16, 2003, no pet.) (mem. op.). When an inmate's declaration on his previous filings does not substantially comply with the requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, is frivolous. *Gowan,* 99 S.W.3d at 321; *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Clark*, 23 S.W.3d at 422. Accordingly, we overrule Murray's appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 19, 2021
Opinion Delivered March 11, 2021

Before Kreger, Horton and Johnson, JJ.