# Court of Appeals
## Tenth Appellate District of Texas

10-25-00063-CV

Tilhajasae Haynes,
Appellant

v.

CO. Carter Heston, CO. Himinez, Sgt. Cambrena, TDCJ-ID and
Holiday Unit, Captain R. Garza, Warden K. Metz, CO. Marano,
CO. Salinas, and Sgt. O'Bryant,
Appellees

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause No. 2431586

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Tilhajasae Haynes, an inmate appearing pro se, appeals from the dismissal of his lawsuit against the Texas Department of Criminal Justice—Institutional Division (TDCJ), TDCJ's Holiday Unit, Corrections Officer Carter Heston, Corrections Officer Himinez, Sergeant Cambrena, Warden K. Metz, Corrections Officer Salinas, Corrections Officer Marano, Captain R. Garza,

and Sargeant O'Bryant.[1]  The trial court dismissed Haynes's claims pursuant to Texas Civil Practice and Remedies Code Chapter 14.  We modify the trial court's order of dismissal and, as modified, affirm.

## BACKGROUND

In his petition, Haynes asserted claims for negligence and constitutional violations stemming from an alleged assault by multiple TDCJ employees that occurred on January 20, 2024.  Haynes filed an application to proceed in forma pauperis and affidavit of inability to pay.  A month later, Haynes filed a Step 1 grievance form regarding a disciplinary hearing held on February 15, 2024 and the ruling he received.  He also filed another Step 1 grievance form requesting legal help to overturn the disciplinary action.

In the order of dismissal, the trial court stated Haynes failed to submit a separate affidavit or unsworn declaration regarding previous lawsuits and failed to submit grievances and responses sufficient to exhaust his administrative remedies as related to the claims in his suit.  Due to Haynes's failure to comply with Sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code, the court dismissed Haynes's claims with prejudice.

---

[1] The defendants have not entered an appearance in this appeal because they were not served with Haynes's petition prior to dismissal.

## CHAPTER 14 DISMISSAL

In his issue on appeal, Haynes asserts the reasons given for the dismissal were unjustified and he was not given the opportunity to provide missing documents. He also contends his lawsuit has an arguable basis in law and fact. Regarding the copies of grievances he filed with the trial court, he explained that the court misconstrued his intent. He did not intend the court to act on those complaints. He sent the grievances as evidence in support of his case. Finally, Haynes asks this Court to rule in his favor on all claims in his petition.

**Standard of Review**

Actions brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs are governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. We review a dismissal under Chapter 14 for an abuse of discretion. *See Mahuron v. TDCJ*, 494 S.W.3d 377, 379 (Tex. App.—Waco 2015, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Hamilton v. Pechacek*, 319 S.W.3d 801, 807-08 (Tex. App.—Fort Worth 2010, no pet.). Generally, an inmate's lawsuit may be dismissed if it fails to meet the procedural requirements imposed by Chapter 14. *See Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—

Texarkana 2003, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Hamilton*, 319 S.W.3d at 809.

**Previous Filings**

A trial court may dismiss a suit filed by an indigent inmate either before or after service of process if it finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id*. § 14.003(b)(4). Section 14.004 requires the inmate to file a separate affidavit or declaration that (1) identifies each pro se action, other than one brought under the Family Code, that he has previously brought and (2) describes those actions by providing the operative facts; the case name; the cause number; the court in which each case was filed; the parties' names; and the disposition of each case. *Id*. § 14.004(a). When an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See Gowan v. Tex. Dep't Crim. Justice*, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.).

Haynes did not file either an affidavit or declaration of his prior pro se actions as required by Section 14.004. The trial court was entitled to assume

that the suit is substantially similar to one previously filed by Haynes, and therefore, frivolous. *Id.* Accordingly, his suit was subject to dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2).

**Exhaustion of Administrative Remedies**

Furthermore, an inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed, if the inmate has not received a written decision. TEX. GOV'T CODE ANN. § 501.008(d). An inmate who files a claim that is also subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received, along with a copy of the written decision. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). If the inmate fails to file a claim within thirty-one days of receiving a final decision from the grievance system, the trial court must dismiss the suit. *Id.* § 14.005(b). The purpose of the requirement to file the affidavit and a copy of the decision is to ensure that the inmate exhausted his administrative remedies through TDCJ's grievance system and allow the trial court to dismiss the claim when the inmate did not provide the information the statute requires. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009) (per curiam);

*Smith v. Tex. Dep't of Crim. Justice—Inst. Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied).

Inmate complaints about the actions of TDCJ employees are grievable through the Offender Grievance Procedure. *See* TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK, VIII Grievance Procedures for Offenders, E.2., at 74 (Feb. 2017), https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf.

The grievance forms Haynes filed with his petition do not pertain to the claims in this lawsuit. Haynes did not file an affidavit stating the date he filed a pertinent grievance and the date he received a written decision. Nor did he provide a copy of his grievances pertaining to the alleged assault or the written decision. Thus, Haynes failed to provide proof that he exhausted his administrative remedy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005. Therefore, the trial court did not abuse its discretion in dismissing the suit for failure to comply with Section 14.005. *See Smith*, 33 S.W.3d at 341.

**Arguable Basis in Law and Fact**

Haynes asserts the dismissal was improper because his lawsuit has an arguable basis in law and fact. The dismissal order specifically states that the reason for dismissal was Haynes's failure to comply with Chapter 14's procedural requirements. There was no determination that Haynes's claim

has no arguable basis in law or fact. Such a merits-based determination was unnecessary in light of the trial court's stated rationale, noncompliance with procedural requirements. *See Hosea v. Alamanza*, 659 S.W.3d 129, 134-35 (Tex. App.—El Paso 2022, no pet.); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

**Opportunity to Provide Missing Documents**

Haynes contends the trial court should have allowed him the opportunity to provide the missing documents. Because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is under no duty to suggest or recommend that an inmate amend his pleadings or other filings prior to dismissal for noncompliance with Chapter 14. *See Hickman*, 35 S.W.3d at 125. Accordingly, the trial court did not err by dismissing Haynes's complaint without giving him the opportunity to remedy his omissions. *See id.*

### CONCLUSION

The trial court did not abuse its discretion in dismissing Haynes's suit for failing to comply with the procedural requirements of Texas Civil Practice and Remedies Code Sections 14.004 and 14.005. *See Garrett*, 283 S.W.3d at 853; *Gowan*, 99 S.W.3d at 322. We overrule Haynes's issue.

However, a dismissal for failure to comply with the procedural requirements of Chapter 14 is not a ruling on the merits, and the dismissal

should be without prejudice. *See Hosea*, 659 S.W.3d at 134-35. We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice." As modified, the trial court's dismissal order is affirmed.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: November 6, 2025

Before Chief Justice Johnson,
   Justice Smith, and
   Justice Harris
Affirmed as modified
CV06

