**In the Interest of Jeremy Leigh HUGHES.**

No. 01–88–00215–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 1989.

Bernadette Johnlewis, Houston, for appellant.

Donald R. Royall, Houston, for appellee.

Before COHEN, BASS and DUNN, JJ.

### OPINION

COHEN, Justice.

The trial court dismissed appellant's adoption petition, holding that she lacked standing to adopt her own child because she was "a former parent whose parent-child relationship with the child has been terminated by court decree." Tex.Fam. Code Ann. sec. 11.03(g)(1) (Vernon 1986).

Appellant is the natural mother of Jeremy Leigh Hughes, who was born on March 11, 1976. In January, 1983, the parent/child relationship between appellant and Jeremy was terminated, after she voluntarily relinquished her parental rights. The parental rights of the natural father were terminated in the same order. In November, 1987, appellant petitioned to

adopt Jeremy. Her petition was opposed by DePelchin Children's Center, Jeremy's managing conservator.

In her first point of error, appellant argues that the amendments to the adoption provisions of the Family Code, effective September 1, 1987, do not control this case because she had a vested right to adopt Jeremy before September 1, 1987. She argues that the legislature could not terminate her vested right to adopt by amending Tex.Fam.Code Ann. sec. 16.02 (Vernon Supp.1989).

Before the 1987 amendment, section 16.-02 provided "[a]ny adult is eligible to adopt a child who may be adopted." Tex.Fam. Code sec. 16.02.[1] Effective September 1, 1987, the language "[s]ubject to the requirements of Section 11.03 of this code," was added to sec. 16.02. Appellant's petition was filed November 8, 1987, after the amendment took effect.

Section 11.03(g) provides:

Except as provided by Subsection (h) of this section, if the parent-child relationship between the child and every living parent of the child has been terminated, a suit affecting the parent-child relationship may not be brought by:

(1) a former parent whose parent-child relationship with the child has been terminated by court decree....

Subsection (h) provides:

The limitations on filing suit imposed by Subsection (g) of this section do not apply to any person who:

(1) has a continuing right to possession of or access to the child under an existing court order; or

(2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit.

Because appellant's parental rights were terminated without provision for any right of continuing access or possession, and appellee did not consent to this suit, section 11.03(g) bars appellant's petition to adopt.

---

1. Ch. 476, sec. 37, 1975 Tex.Gen.Laws 1269, *amended by* ch. 221, sec. 12, 1987 Tex.Gen.Laws 1514.

■ Appellant argues that when her parental rights were terminated in 1983, she became "any adult" under former section 16.02, that she thus had a "vested right" to adopt, and that this vested right could not be defeated by the 1987 amendment of section 16.02. We disagree.

Appellant has no legal rights with respect to Jeremy. A decree terminating the parent-child relationship divests the parent of all "legal rights, duties, and powers," with respect to the child. Tex.Fam.Code Ann. sec. 15.07 (Vernon 1986). Appellant's "vested right" theory would mean that *any* adult living before September 1, 1987 would have a continuing right to adopt that could not be taken away by amendment of section 16.02. Appellant cites no cases holding that "any adult" has such a vested right, and we have found none. She cites no authority that there is ever a vested right to adopt. The right to adopt is exclusively statutory, as appellant concedes. Even if appellant, as "any adult," had a right to adopt after executing an irrevocable affidavit of relinquishment in 1982, the legislature had the power to amend the statute to terminate that right.

Point of error one is overruled.

In point of error two, appellant argues that the trial court erred in dismissing her petition with prejudice due to lack of standing. She asserts that a dismissal with prejudice would forever bar her suit, even though the managing conservator may later change its mind and consent to her suit to adopt.

■ The trial court's order in the instant case does not state whether the petition was dismissed with or without prejudice. "An order of dismissal of a cause of action is not an adjudication of the rights of the parties. It merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Browder v. Hughes*, 597 S.W.2d 525 (Tex.Civ. App.—Beaumont 1980, no writ). Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice. *See State v. Lundy*, 352 S.W.2d 919 (Tex.Civ.

App.—San Antonio 1961, writ ref'd); *Coleman v. Hughes Blanton, Inc.*, 599 S.W.2d 643, 645 (Tex.Civ.App.—Texarkana 1980, no writ). We hold that the order is a dismissal without prejudice.

Point of error two is overruled.

In point of error three, appellant argues that section 11.03(g) denies her equal protection under the Texas and U.S. Constitutions. She cites no cases holding similar statutes unconstitutional.

Appellant admits that the "rational basis test" applies in this case because the statute does not involve a suspect class, such as race or legitimacy. She argues, however, that the statutory classification here is irrational because it treats alike persons whose parental rights have been involuntarily terminated and those who have voluntarily relinquished their rights. She further complains that under section 11.03(g), the managing conservator can arbitrarily refuse consent to adopt to parents whose rights have been terminated, but in all other adoptions, section 16.05(d) permits the court to waive the consent requirement if it is refused without good cause.

■ The statutory distinction between persons whose parental rights have been terminated, and all others who wish to adopt, has a rational basis. The best interests of the child and the public policy favoring the finality of judgments are both served by this classification scheme. As stated in *Brown v. McLennan County*, 627 S.W.2d 390, 393 (Tex.1982):

[W]hen a parent voluntarily terminates [the] parent-child bond, the best interest of the child becomes paramount. Once the child has been surrendered to a licensed agency for adoption, the safety, education, care and protection of the child, not the contentment or welfare of the parent, is of the utmost importance ... Children voluntarily given up in compliance with the Family Code, as was done in this case, cannot be snapped back at the whim of the parent. By these provisions in the Family Code, [here sections 11.09 & 15.03, relating to service of citation and waiver of service in termi-

nation proceedings] the Legislature was seeking some small amount of security and stability for children placed in this position.

The same rationale applies to section 11.-03(g). The legislature was apparently attempting to prevent parents who have lost or given up their rights to their children from later attempting to adopt them. Finality in termination orders is important for the security of children and therefore has a rational basis.

Appellant further argues that section 15.03(d) violates the equal protection clause because it allows parents who relinquished their children to a private agency to revoke their relinquishment of parental rights, while parents relinquishing a child to a state agency may not revoke. We have no authority to rule on the termination of appellant's parental rights. That issue was decided long ago, is final, and is not before us in this appeal.

Point of error three is overruled.

■ In points of error four and five, appellant argues that allowing her to adopt is in her child's best interest and that Tex. Fam.Code Ann. sec. 11.13(a) (Vernon 1986), which denies a jury trial in adoption suits, violates the state constitutional right to a jury trial. *See* Tex. Const. art. I, sec. 15, and art. V, sec. 10. Because the trial court held appellant had no standing to sue, these issues were not ruled on and are not properly before us.

Points of error four and five are overruled.

The judgment is affirmed.