Opinion issued November 7, 2002












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00160-CV




LISA M. HALLOWAY, Appellant

V.

MALVIN A. NEZAT, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 78-41196




O P I N I O NAppellant, Lisa Halloway, brought suit for unpaid child support against
appellee, Malvin Nezat. Appellee filed a motion for summary judgment, which was
granted by the trial court. Appellant appeals from the grant of summary judgment,
contending in four points of error that she raised a genuine issue of material fact as
to the unpaid child support, and the trial court could not have properly granted
summary judgment for appellee on the grounds of payment, res judicata, collateral
estoppel, or the statute of limitations. 
          Finding that appellant raised a genuine issue of material fact as to the alleged
unpaid child support by appellee and that her prior action against appellee did not
result in a judgment on the merits, we hold the trial court erred in granting appellee’s
motion for summary judgment. Accordingly, we reverse the judgment and remand
this case to the trial court.
Background Facts
          Appellant and appellee divorced on March 8, 1979. They had four children
during their marriage. The divorce decree ordered appellee to pay $800.00 per month
in child support beginning April 1, 1979, and continuing until all the children reached
the age of 18 or were otherwise emancipated. The amount of child support was never
modified. The last child support payment was due on November 1, 1986, the month
the youngest child turned 18. Shortly thereafter, appellant filed an action seeking an
order of contempt and an order for payment of child support.
          On February 20, 1987, a court hearing was held on appellant’s contempt action. 
By written order, appellee was ordered to tender $2,000 to the Harris County Child
Division to purge himself of contempt. Appellee was also ordered to reappear on
February 23, 1987, so that an order could be entered that would require payment of
$21,700 to appellant. The record is silent as to what transpired on February 23, 1987. 
Appellee claims that the judge orally pronounced the case as “dismissed” on February
20, 1987, but the order contained no language to indicate that the case was dismissed. 
The docket sheet indicates that the contempt action was dismissed for want of
prosecution on April 30, 1990.
          On June 14, 2000, appellant filed an application for judicial writ of
withholding, by which she sought to garnish child support from appellee’s employer. 
Appellee filed a motion to stay judicial writ on July 12, 2000. On August 15, 2000,
appellant filed a motion for cumulative judgment of child support. 
          Appellee moved for summary judgment on August 17, 2000, contending that
(1) he had paid all of the child support payments owed; (2) appellant’s claims were
barred by res judicata; (3) appellant’s claims were barred by collateral estoppel; (4)
his constitutional due process rights were violated by the action because he had no
notice that he was in arrears; and (5) the appellant had no evidence of any arrearages
of child support. The trial court granted appellee’s motion for summary judgment
without stating the grounds upon which it was based.
Standard of Review
          Appellee’s motion for summary judgment purported to be a traditional as well
as a no-evidence motion. Appellee referred to his issues of res judicata and collateral
estoppel as affirmative defenses. Appellee’s defense of payment of arrearages was
also categorized by appellee as an affirmative defense, but we note that as to payment,
appellant has the burden at trial to establish the arrearages, or the difference between
the payments made and the payments required. See Curtis v. Curtis, 11 S.W.3d 466,
472 (Tex. App.—Tyler 2000, no pet.). In his last point, appellee argued that appellant
had no evidence of arrearages. 
          The standards for reviewing a traditional motion for summary judgment are as
follows: (1) the movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as
true; and (3) every reasonable inference must be indulged in favor of the nonmovant
and any doubts resolved in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment
if at least one element of each of the plaintiff’s causes of action is negated as a matter
of law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex.
1995). A defendant may also prevail on a motion for summary judgment by
conclusively proving all elements of an affirmative defense as a matter of law, such
that there is no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam). 
          A no-evidence motion for summary judgment shifts the burden to the
nonmovant to bring forward enough evidence to create a genuine issue of material
fact. Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex. App.—Houston [14th
Dist.] 1999, no pet.). The no-evidence motion should be granted when 
                    (a) there is complete absence of evidence of a vital fact, (b)
the court is barred by rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact, (c)
the evidence offered to prove a vital fact is no more than a
mere scintilla, or (d) the evidence conclusively establishes
the opposite of a vital fact.
Id. (quoting Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). 
Payment of Child Support
In her first point of error, appellant argues that the trial court erred in finding 
no genuine issue of material fact as to whether appellee fully paid the child support
owed. Appellant contends that the evidence she brought forth in her response to
appellee’s motion raised a fact issue, which should have precluded summary
judgment. 
          In support of his motion for summary judgment, appellee provided an affidavit
in which he stated that he had made full payment to appellant of all child support
obligations. Specifically, he stated that, in the previous action, the judge “reviewed
his proof” and pronounced the case as “dismissed” on February 20, 1987. Appellee
also attached a certified copy of the February 20, 1987 court order. The written order
provides in part that “[appellee] shall be released from custody to reappear on
February 23, 1987 at 9:00 a.m. to enter an order for the payment to [appellant] of the
balance of $21,700 . . .” The written order mentions nothing about the case being
dismissed. A copy of a docket sheet, also provided as evidence by appellee, is silent
as to what, if anything, transpired on February 23, but noted that the case was
dismissed for want of prosecution on April 30, 1990.
          Appellant responded to appellee’s summary judgment proof by providing her
own affidavit, a certified copy of Harris County Child Support pay-history records,
and appellee’s affidavit. Appellant claimed in her own affidavit that appellee had not
made all of the required payments and recited the dates upon which appellee had
made payments and the amounts that had been paid. The certified copy of Harris
County Child Support pay-history records was used to show the amount of child
support paid by appellee through the Harris County registry. With those records, and
her own affidavit, appellant provided evidence that appellee had paid her a total of
$25,700, but that the principal amount of child support still owed, without interest,
was $73,600. Appellant responded to appellee’s claims that a judge had reviewed
appellee’s proof and had pronounced the case as “dismissed,” by pointing out, with
appellee’s own affidavit, that he was required to return to court on February 23, 1987. 
            Appellant’s response to summary judgment, along with her attached evidence,
raises a genuine issue of material fact as to whether appellee paid all of the required
child support. Appellee’s statement in his affidavit that he had paid all child support
owed does not resolve the issue as a matter of law. We find that appellant, through
her controverting affidavit, the certified copy of the Harris County child support
payment records, and the 1987 written court order, raised a genuine issue of material
fact as to whether or not appellee made all of the required child support payments. 
Accordingly, summary judgment for appellee would have been erroneous on the
ground that appellee had established that he had paid all child support, or on the
ground that appellant had produced no evidence of unpaid child support.
Res Judicata and Collateral Estoppel
          In her second and third points of error, appellant argues that the trial court erred
in granting summary judgment on the grounds that her claim was barred by res
judicata and collateral estoppel. Because the trial court did not state the grounds
upon which summary judgment was based, we will examine the application of those
affirmative defenses to this case to determine if they could have been used as a basis
for granting appellee’s summary judgment motion. 
          Appellee may utilize the affirmative defense of res judicata by proving (1) there
is a prior, final judgment on the merits by a court of competent jurisdiction; (2) the
parties in the first action, or those in privity with them, are identical to the parties in
the second action; and (3) the second action is based on the same claims that were
raised, or could have been raised in the first action. Amstadt v. U. S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996); Smith v. Brown, 51 S.W.3d 376, 379 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). Collateral estoppel also requires a
showing of a prior judgment on the merits. See Johnson and Higgins of Tex., Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507, 519 (Tex. 1998); Frost Nat’l Bank v. Burge,
29 S.W.3d 580, 595 (Tex. App.—Houston [14th Dist.] 2000, no pet.).
          Appellant contends that res judicata and collateral estoppel are not applicable
to this case because there has been no final judgment on the merits. Appellee, in his
motion for summary judgment, characterized the February 20, 1987 court order as a
“judgment” that bars appellant’s present action. Appellee also claimed that the trial
court orally pronounced the case as “dismissed.” But appellee acknowledged in his
motion for summary judgment that “on the 30th day of April 1990 the action was
dismissed for want of prosecution.” As supporting evidence, appellee attached a copy
of a docket sheet, which noted the prior action as “dismissed for want of
prosecution.”
          An action dismissed for want of prosecution is not a final judgment. Massey
v. Columbus State Bank, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000,
pet. denied) (a dismissal for want of prosecution is not an adjudication of the rights
of the parties, but simply places the parties in the position they were in prior to filing
the action.); In re Hughes, 770 S.W.2d 635, 636 (Tex. App.—Houston [1st Dist.]
1989, no writ). The docket sheet indicates, and appellee admits, that the prior action
instituted by appellant was dismissed for want of prosecution on April 30, 1990. 
Nevertheless, appellee simultaneously and inconsistently alleges that the trial judge
orally pronounced the case dismissed on February 20, 1987, even though the
February 20 written order contains no language indicating that the case was
dismissed. In fact, the written order contemplated further proceedings. Appellee was
ordered to purge himself of contempt by paying $2,000 to the Harris County Child
Support Division and, after being released from custody, to return to court to have an
order entered that would require payment of $21,700 to appellant. 
          Appellee, as the party with the burden of proof on his affirmative defenses,
needed to establish the elements of res judicata and collateral estoppel as a matter of
law to be entitled to summary judgment on those grounds. We conclude that appellee
has not established, as a matter of law, that the prior action by appellant resulted in
a final judgment. Accordingly, the trial court could not have properly granted
summary judgment for appellee on the grounds of res judicata or collateral estoppel. Statute of Limitations
          Appellant argues in her fourth point of error that the trial court could not have 
properly granted summary judgment on the grounds that appellee’s claim was barred
by the statute of limitations. Appellant contends, and appellee concedes, that because
a statute of limitations issue was not raised in appellee’s motion for summary
judgment, it could not have properly been considered by the trial court and is, thus,
not an issue before us. Accordingly, we will not discuss the merits of appellant’s
fourth point of error. 
Conclusion
          Having found a genuine issue of material fact as to whether appellee has fully
satisfied his child support obligations, we reverse and remand this case to the trial
court for further proceedings.

 

                                                                        Sherry J. Radack
                                                                        Justice
Panel consists of Justices Nuchia, Hedges, and Radack.
Do not publish. Tex. R. App. P. 47.