Juan J. **SANCHEZ**, Appellant,

v.

**Warden E. KENNEDY, M. Menchaca, and Kelli Ward, Appellees.**

**No. 13–06–00016–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 24, 2006.

Juan J. Sanchez, Beeville, pro se.

Patrick Nicholas Brezik, Asst. Atty. Gen., Austin, for appellees.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Juan J. Sanchez, an indigent inmate in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID), appeals the trial court's dismissal of his pro se petition for property damages. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.002 (Vernon 2002). In two issues, appellant contends (1) the trial court erred by dismissing his claim for lack of jurisdiction, and (2) the trial court's dismissal of his claim violates his constitutional rights. We affirm.

After exhausting his administrative remedies, appellant sued appellees, Warden E. Kennedy, M. Menchaca, and Kelli Ward, in the District Court of Bee County for the loss of "3 soaps, 1 bag Fritos, 1 Suave shampoo, 7 Dials [soap], 1 thermal shirt, 1 lock/key, 2 nail clippers, and 1 fan." Appellant prayed for actual damages in the amount of $15,000. In addition, appellant sought a transfer to federal prison, alleging that his health and safety were threatened without his fan.

Appellees filed a plea to the jurisdiction asserting that appellant had not in good faith pleaded damages within the jurisdictional limits of the court. Appellees also filed a motion to dismiss under chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003 (Vernon 2002). After an evidentiary hearing on appellees' plea to the jurisdiction and motion to dismiss, the trial court dismissed the case.

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). Subject matter juris-

diction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004); *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

 The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). As a general rule, the amount in controversy is determined by the plaintiff's good-faith pleadings. *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). The plaintiff's allegations in the petition of the amount in controversy control for jurisdictional purposes unless the party challenging jurisdiction pleads and proves that the plaintiff's allegations of the amount in controversy were made fraudulently for the purpose of obtaining jurisdiction. *Miranda,* 133 S.W.3d at 224 n. 4; *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996) (noting that in absence of pleading and proof of fraudulently alleged jurisdictional amount in controversy, jurisdiction is determined by the averments in the petition).

 In his first issue, appellant contends the trial court erred by dismissing his case for lack of jurisdiction.

At the hearing on appellees' plea to the jurisdiction, appellant testified that the property made the basis of his suit was worth only $50.00.[1] District courts have the jurisdiction provided by article V, section 8, of the Texas Constitution. TEX. GOV'T CODE ANN. § 24.007 (Vernon 2004). Article V, section 8 provides that "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Article V, section 19 provides: "Justice of the peace courts shall have ... exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less...." TEX. CONST. art. V, § 19. Therefore, the district court's minimal jurisdictional amount is $200.01. *See Arteaga v. Jackson,* 994 S.W.2d 342, 342 (Tex.App.-Texarkana 1999, pet. denied). Because the amount sought by appellant is far less than the district court's jurisdictional limit, we conclude that the trial court did not err in dismissing appellant's case for lack of jurisdiction. Appellant's first issue is overruled.

 In his second issue, appellant contends the trial court's dismissal of his claim violated his rights of (1) access to the courts, (2) equal protection of the law, and (3) due process.

The rules of appellate procedure require that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P.

---

1. It should be noted that appellant said he was also seeking exemplary damages under 42 U.S.C. § 1983. However, the United States Supreme Court has held that the existence of an adequate state remedy to redress the intentional loss of an inmate's property by a state employee precludes a section 1983 action. *Hudson v. Palmer,* 468 U.S. 517, 534, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Myers v. Adams,* 728 S.W.2d 771, 772 (Tex.1987); *see Byrd v. Clark,* 783 F.2d 1002, 1006 (11th Cir.1986) (some state inflicted injury is so minor as to occasion a tort claim, rather than a constitutional violation).

38.1(h). Appellant's brief fails to present a clear and concise argument and fails to present any authority for the contentions appellant makes. Because appellant failed to adequately brief this issue, he has presented nothing for our review. *See id.* Appellant's second issue is overruled.

The trial court's order of dismissal is affirmed.