Opinion filed September 6, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00142-CV 

                                                     __________

 

                            IN
THE INTEREST OF R.N.R.R., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 6155-CX

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This appeal arises from an adoption
proceeding.  Appellant is the biological
father of R.N.R.R.  His parental rights
were terminated in 1998 in a termination proceeding instituted by appellee,
appellant=s
mother.  R.N.R.R.=s
biological mother=s
parental rights were terminated in the same proceeding.  It appears that both appellant and R.N.R.R.=s biological mother executed affidavits
relinquishing their parental rights in the earlier termination proceeding.  Appellant subsequently filed the underlying
suit seeking to adopt R.N.R.R.  The trial
court dismissed appellant=s
suit on the ground that he did not have standing to adopt R.N.R.R.  We affirm.

                                                                         Issues

In his first issue, appellant challenges the
finality of the order terminating his parental rights in the earlier
proceeding.  Appellant=s second issue concerns the statutory
requirements for standing  to file an
adoption proceeding.








                                                      Standing
to File Adoption Suit

Tex. Fam.
Code Ann. '
162.001(a) (Vernon Supp. 2006) provides that an adoption proceeding is  subject to the standing requirements set out
in Chapter 102 of the Family Code.  The
limitations set out in Tex. Fam. Code
Ann. ' 102.006 (Vernon 2002) apply to
appellant=s suit
because the parent/child relationships between R.N.R.R. and her parents were
terminated in the earlier proceeding. 
Section 102.006(a) provides that a former parent whose parent/child relationship
with the child has been terminated by court order does not have standing to
file a suit unless one of the two exceptions contained in Section 102.006(b)
applies.  This appeal concerns the
exception set out in Section 102.006(b)(2) that the limitations set out in
Section 102.006(a) do not apply to a person who has the consent of the child=s managing conservator, guardian, or
legal custodian to bring the suit.

In his second issue, appellant contends that he should
be able to file the adoption action without obtaining appellee=s consent in her role as R.N.R.R.=s legal custodian.  He bases his contention on the assertion that
it is not in the best interest of R.N.R.R. for him to ask appellee=s consent for his adoption action.  Appellant is essentially asking us to create
an additional exception to the statute=s
prohibition against an adoption action being filed by a former parent whose
parent/child relationship with the child has been terminated by court
order.  We decline to do so. There are
important policy considerations for protecting the finality of termination
proceedings.  As noted by the Texas
Supreme Court in Brown v. McLennan County Children=s Protective Services, 627 S.W.2d
390, 394 (Tex. 1982):  AChildren voluntarily given up in compliance
with the Family Code . . . cannot be snapped back at the whim of the parent.@ 
See In the Interest of Hughes, 770 S.W.2d 635, 637-38 (Tex. App.CHouston [1st Dist.] 1989, no
pet.).  Appellant=s
second issue is overruled.

                                               Finality
of Previous Termination Order








In his first issue, appellant attempts to
challenge the finality of the previous court order that terminated his parental
rights.  He argues that the order
terminating his parental rights was interlocutory because the order failed to
appoint a managing conservator of the child. 
See Tex. Fam. Code Ann. ' 161.207
(Vernon 2002).[1]  It appears that appellant is advancing this
argument in an effort to avoid the standing problem in this adoption proceeding
by asserting that the order terminating his parental rights is not a final
judgment.  The trial court rejected this
contention.

Appellant has attached a copy of the termination
order to the appendix of his brief. 
However, the order terminating his parental rights is not included in
either the clerk=s record
or the reporter=s
record.  Documents attached to briefs
that are not part of the clerk=s
or reporter=s records
are not part of the appellate record and may not be considered by the reviewing
court.  See Cantu v. Horany,
195 S.W.3d 867, 870 (Tex.
App.CDallas
2006, no pet.)  Accordingly, we are
unable to evaluate the termination order because it is not part of the
appellate record in this cause.  Moreover,
appellant=s
challenge to the finality of the previous termination order would appear to be
untimely.  See Tex. Fam. Code Ann. ' 161.211(a) (Vernon 2002) (the validity
of an order terminating parental rights is not subject to collateral or direct
attack after the sixth month after the date the order was signed). Appellant=s first issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

September 6, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]We do not address the merits of appellant=s construction of Section 161.207, and we express no
opinion with regard to its validity.