

# NUMBER 13-18-00407-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FRED HOFFMAN, TDCJ #2031979,                                Appellant,

v.

ADRIANA GONZALEZ, ET AL.,                                Appellees.

## On appeal from the 343rd District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellant Fred Hoffman appeals a judgment dismissing his claims against

appellees Adriana Gonzalez, Corey Furr, Kristine Zambrano, Yolanda Martin, and

Grievance Investigator #I2229. By four issues, which we construe as two, appellant

argues the trial court erred when: (1) it did not hold a hearing on his motion to reinstate, and (2) it dismissed his claims as frivolous without holding a hearing. We affirm.

## I. BACKGROUND

Appellant is an inmate housed in the McConnell Unit of the Texas Department of Criminal Justice in Beeville, Texas. On February 12, 2018, appellant sued appellees in their individual and official capacities. Appellant alleged Gonzalez filed a false disciplinary action against him in retaliation for an affidavit he wrote about an alleged incident between Gonzalez and another inmate. Appellant further alleged that the remaining appellees (Martine, Furr, and Grievance Investigator #I2229) assisted and encouraged Gonzalez in a fraudulent disciplinary action because appellant had previously filed grievances and lawsuits against them. Appellant alleged causes of action against appellees for "participatory liability," retaliation, fraud, and violations of the Equal Protection Clause.

By written order, the trial court invited the Texas Attorney General's Office (the AG's Office) to file an *amicus curiae* advisory. The AG's Office filed an *amicus curiae* advisory arguing, among other things, that appellant failed to include in his affidavit the operative facts of the suits he previously filed. Without holding a hearing, the trial court rendered a final judgment dismissing appellant's claims as frivolous for a failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. This appeal followed.

## II. MOTION TO REINSTATE

By his first issue, appellant argues that the trial court erred when it did not hold a hearing on his motion to reinstate. After the trial court dismissed his suit as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code, appellant filed a motion to reinstate pursuant to Texas Rule of Civil Procedure 165a. Rule

165a is titled "Dismissal for Want of Prosecution." TEX. R. CIV. P. 165a. Rule 165a(1) gives the trial court power to dismiss for want of prosecution when a party or its counsel fail to appear at a hearing or trial. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 840–41 (Tex. App.—Fort Worth 1999, no pet.); *see* TEX. R. CIV. P. 165a(1). Rule 165a(3)'s standard for reinstatement only applies to cases dismissed for failure to appear. *See Maida*, 990 S.W.3d at 840; *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.). Here, appellant's case was dismissed pursuant to chapter 14, not for want of prosecution; therefore, a motion to reinstate under Rule 165a was inapplicable to his case, and the trial court did not err when it did not hold a hearing on the motion. *See* TEX. R. CIV. P. 165a; *see also Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (concluding Rule 165a is inapplicable when a case is dismissed pursuant to chapter 14).

We overrule appellant's first issue.

### III.    FRIVOLOUS CLAIMS

By his second issue, appellant argues that the trial court erred when it dismissed his claims as frivolous without holding a hearing.

We review a dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Jackson v. Tex. Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied); *see Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *See Jackson*, 28 S.W.3d at 813. We will affirm a dismissal if it is proper under any legal theory. *Hamilton v. Pechacek*, 319 S.W.3d

3

801, 809 (Tex. App.—Fort Worth 2010, no pet.); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied).

Chapter 14 governs suits, such as this one, brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *see also id.* §§ 14.001–.014.  In such a case, the trial court may dismiss a claim at any time upon finding that the claim is frivolous or malicious.  *Id.* § 14.003(a)(2).  In determining whether a suit is frivolous or malicious, the trial court may consider, among other things, whether the claim is substantially similar to an inmate's previous claim by analyzing whether the claim arises from the same operative facts as a previous one.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  To aid the trial court in making this determination, an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration:

> (1) identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and
>
> (2) describing each action that was previously brought by:
>
>> (A) stating the operative facts for which relief was sought;
>>
>> (B) listing the case name, cause number, and the court in which the action was brought;
>>
>> (C) identifying each party named in the action; and

---

[1] "The legislature enacted [Chapter 14] to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits." *Jackson v. Tex. Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied).

4

> (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004; *see Obadele*, 60 S.W.3d at 348.

The purpose of sections 14.003 and 14.004 is to reduce the problem of constant, often duplicative, inmate litigation by requiring the inmate to notify the trial court of previous litigation and the outcome. *Obadele*, 60 S.W.3d at 348; *Bell v. Tex. Dep't of Criminal Justice—Institutional Div.,* 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). "When an inmate complies with section 14.004, the trial court can determine, based on previous filings, if the suit is frivolous because the inmate had already filed a similar claim." *Obadele*, 60 S.W.3d at 348. Where a plaintiff fails to state in his affidavit or declaration the operative facts describing each action previously brought, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous. *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Gowan v. Tex. Dep't of Criminal Justice— Institutional Div.*, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.); *Obadele*, 60 S.W.3d at 348; *Bell*, 962 S.W.2d at 158; *see Jackson*, 28 S.W.3d at 814; *see also Bishop v. Perkins*, No. 13-12-00055-CV, 2012 WL 1810506, at *5 (Tex. App.—Corpus Christi–Edinburg May 17, 2012, no pet.) (mem. op.). "Thus, a trial court may dismiss an indigent inmate's suit as frivolous under section 14.003(2) without holding a hearing when an inmate fails to comply with the statutory requirements of section 14.004." *Douglas*, 418 S.W.3d at 340; *Gowan*, 99 S.W.3d at 321; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4).

Here, appellant filed an affidavit listing five previous lawsuits he filed. However, while appellant listed the causes of action involved in each of his prior lawsuits, he failed

to include the underlying operative facts for those suits and causes of action; therefore, the trial court was entitled to assume the current lawsuit was frivolous. *Douglas*, 418 S.W.3d at 340; *Jackson*, 28 S.W.3d at 814. Furthermore, contrary to appellant's argument, the trial court could dismiss the suit without holding a hearing. *Douglas*, 418 S.W.3d at 340; *Gowan*, 99 S.W.3d at 321.

Even after the AG's Office filed an *amicus curiae* brief pointing out appellant's failure to comply with this requirement of chapter 14, appellant did not attempt to comply. Instead, appellant responded and contended that he satisfied all requirements of § 14.004. Because appellant failed to comply with § 14.004, the trial court did not err when it dismissed appellant's claims as frivolous and without prejudice.[2] *See Johnson*, 796 S.W.2d at 706–07; *Douglas*, 418 S.W.3d at 340; *Gowan*, 99 S.W.3d at 321.

We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the
23rd day of May, 2019.

---

[2] In the background section of its appellate *amicus curiae* brief, the AG's Office states that the trial court dismissed appellant's claims with prejudice; however, the final judgment from the trial court does not state that appellant's claims were dismissed with prejudice. "Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice." *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ) (dismissing suit due to lack of standing); *see Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 n.3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (affirming dismissal of inmate's suit and concluding dismissal was without prejudice because order of dismissal did not state suit was dismissed with prejudice).