

# NUMBER 13-18-00612-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SALVADOR ZAVALA, TDCJ NO. 1447730,**                         **Appellant,**

**v.**

**JESUS R. DE HOYOS, ET AL.,**                         **Appellees.**

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Salvador Zavala appeals a judgment dismissing his claims against appellees Jesus R. De Hoyos, Sven Strack, Placido Samaniego, Rafael Menchaca, Corey Furr, P. Chapa, "GR. ID#1950," "GR. ID#2197," and "TDCJ-CID." By two issues, appellant argues that (1) the trial court abused its discretion when it dismissed his suit

without a hearing, and (2) the trial court lacked subject matter jurisdiction to dismiss the case because appellant objected to the appointment of an associate judge.   We affirm.

## I.   BACKGROUND

Appellant is an inmate housed in the McConnell Unit of the Texas Department of Criminal Justice in Beeville, Texas.   On April 24, 2018, appellant filed suit against appellees alleging causes of action for breach of contract, equitable relief, conversion, "participatory liability," conspiracy, declaratory relief, and injunctive relief.   Appellant's petition alleged that appellees had stolen and damaged $160 worth of his property.   In his petition, appellant objected to the referral of his case to an associate judge.[1]

By written order, the trial court:  (1) invited the Texas Attorney General's Office (the AG's office) to file an amicus curiae advisory; and (2) assigned Judge Joel Johnson, a senior judge, to hear Zavala's case pursuant to chapter 74 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. ch. 74.  The AG's office filed an *amicus curiae* advisory arguing Zavala failed to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.   Without holding a hearing, the trial court dismissed appellant's claims.[2]   This appeal followed.

---

[1] Specifically, appellant stated in his petition:  "Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits."

[2] In the background section of its appellate *amicus curiae* brief, the AG's Office states that the trial court dismissed appellant's claims with prejudice; however, the final judgment from the trial court does not state that appellant's claims were dismissed with prejudice.  "Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice."  *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ) (dismissing suit due to lack of standing); *see Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 n.3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (affirming dismissal of inmate's suit and concluding dismissal was without prejudice because order of dismissal did not state suit was dismissed with prejudice).

2

## II.  APPOINTMENT OF ASSOCIATE JUDGE

By his second issue, which we address first, appellant argues that the trial court lacked subject matter jurisdiction to dismiss the case because appellant objected to the appointment of an associate judge.

Associate judges are appointed by a judge of a district or statutory county court to a full-time or part-time position serving a particular court.  *See* TEX. GOV'T CODE ANN. §§ 54A.101, 54A.102.  A person does not have to have been an elected judge to qualify as an associate judge, and the ruling of an associate judge is subject to de novo review. *See id.* §§ 54A.103, 54A.115.  A party can file a written objection to any associate judge hearing a trial on the merits or presiding at a jury trial no later than the tenth day after the party receives notice that the associate judge will hear the trial.  *Id.* § 54A.106.

Assigned judges, on the other hand, are active, retired, or senior judges.  *See id.* § 74.054.  An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial.  *Id.* § 74.053.  A timely objection to a judge "assigned" under chapter 74 has automatic effect and any subsequent order by the assigned judge is void. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).

Here, appellant filed his objection to an associate judge with his petition.  However, Judge Johnson is not an associate judge.  The record makes clear that Judge Johnson is instead a senior judge assigned pursuant to chapter 74 of the government code.  *See id.* §§ 54A.101–103, 74.054.  Because Zavala did not timely object to the assignment of a senior or assigned judge, we conclude that Judge Johnson had jurisdiction to hear the case and that his orders are not void.

3

We overrule appellant's second issue.

### III. DISMISSAL OF CLAIMS

We review a dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Jackson v. Tex. Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied); *see Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *See Jackson*, 28 S.W.3d at 813.

A trial court may dismiss a claim under Chapter 14 if it finds it is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the trial court may consider whether the claim has no arguable basis in law or fact. *Id.* § 14.003(b)(2); *see Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied) (concluding claim had no arguable basis in law or fact when it is based on a meritless legal theory). We will affirm a dismissal if it is proper under any legal theory. *Donaldson v. Tex. Dep't of Criminal Justice-Correctional Institutions Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

By his first issue, appellant argues that the trial court erred in dismissing his claims without holding a hearing. The AG's office responds that the trial court did not have jurisdiction over appellant's claims and, therefore, his claims were properly dismissed.

"A challenge to subject matter jurisdiction may be raised for the first time on appeal by the parties or by the court, and a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties questioned it." *Burt v. Andrews Cty.*

4

*Hosp. Dist.*, 406 S.W.3d 780, 781 (Tex. App.—El Paso 2013, no pet.); *see Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 138 (Tex. 2018). Without subject matter jurisdiction, a court does not have authority to render a binding judgment. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). Whether a trial court has jurisdiction is a question of law that we review de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)

The jurisdiction of Texas courts is conferred by the Texas Constitution and state statutes. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam). Each type of court has jurisdiction over specific types of cases and amounts in controversy. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 303 (Tex. 2010) (orig. proceeding). The justice courts have original exclusive jurisdiction over civil cases in which the amount in controversy is $200 or less. TEX. CONST. art. 5, § 19. District courts have original jurisdiction in civil cases in which the amount in controversy exceeds $500, excluding interest. TEX. GOV'T CODE ANN. § 24.007(b). "A plaintiff may plead himself out of court by seeking a specific amount of damages that is outside the jurisdictional limits of the court." *Garza v. Chavarria*, 155 S.W.3d 252, 256 (Tex. App.—El Paso 2004, no pet.).

"As a general rule, the amount in controversy is determined by the plaintiff's good-faith pleading." *Sanchez v. Kennedy*, 202 S.W.3d 857, 859 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). Here, appellant filed his suit in the 156th Judicial District Court of Bee County, Texas. In his petition, he stated "plaintiff owned approximately $160.00 worth of property mailed in or bought out of commissary that is the subject of this suit." All the claims brought by appellant other than his claim for injunctive relief are based on the loss of this property and he seeks to recover this property or its value. Because the

5

amount sought by appellant is less than the district court's jurisdictional minimum limit of $500, *see* TEX. GOV'T CODE ANN. § 24.007(b), we conclude the trial court lacked subject matter jurisdiction over appellant's claims for breach of contract, equitable relief, conversion, "participatory liability," conspiracy, and declaratory relief, and the trial court properly dismissed them. *See Chenault*, 914 S.W.2d at 141 (noting that a declaratory judgment is not available if the court does not have jurisdiction over the underlying cause of action); *Sanchez*, 202 S.W.3d at 859; *Garza*, 155 S.W.3d at 258.

This leaves appellant's claim for injunctive relief. The district and county courts have jurisdiction to hear applications for injunctions. *See* TEX. CONST. art. 5, § 8 (district court); *id.* art. 5, § 16 (county court); TEX. CIV. PRAC. & REM. CODE ANN. § 65.011. Here, appellant's claim for injunctive relief states in its entirety that appellant sought "an injunction to replace property converted." Because appellant alleged only a past injury and did not seek to restrain appellees' future actions in any way, we conclude that appellant's claim is not injunctive in nature. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (noting that the applicant for an injunction must plead it will suffer a probable injury); *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 716 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (noting that probable injury requires a showing that the harm is imminent, the injury would be irreparable, and the applicant has no other adequate legal remedy). Accordingly, appellant's claim for injunctive relief has no arguable basis in law or fact, and the trial court did not err when it dismissed it. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Hamilton*, 298 S.W.3d at 339.

We overrule appellant's first issue.

6

## IV. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
18th day of July, 2019.