**AFFIRM; and Opinion Filed February 9, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00672-CV**

_____

**IN THE INTEREST OF K.S.W. AND J.E.W., CHILDREN**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 91022**

## MEMORANDUM OPINION

Before Justices Pedersen III, Goldstein, and Smith
Opinion by Justice Smith

Grandparents appeal from the trial court's order denying their request to register a foreign child custody determination. We affirm the trial court's order.

## Background

Grandparents are the maternal grandparents of minor children, K.S.W. and J.E.W. In February 2016, a Utah district court signed a divorce decree awarding joint legal custody of the minor children to their parents, Mother and Father.[1] In September 2017, the Utah court signed an order of stipulation, which, among other

_____

[1] Case No. 154401514, Fourth District Court of Utah County Provo Department, State of Utah.

things, made adjustments to the minor children's parent time and provided Grandparents with grandparent time, the right to make decisions regarding the minor children during grandparent time, and the right to receive information about and access to the minor children. The order also obliged Grandparents to pay one-third of the costs for the minor children's assessments and/or evaluations.

Grandparents subsequently filed a petition to modify. In December 2021, the Utah court dismissed the petition, finding it no longer had exclusive or continuing jurisdiction because Grandparents, the minor children, and Father no longer resided in Utah. The order also specifically noted that Mother's parental rights had been terminated in connection with a separate adoption case.

On April 5, 2022, Grandparents filed a request to register the divorce decree, order of stipulation, and order dismissing their petition to modify with the Hunt County District Clerk pursuant to section 152.305 of the Texas Family Code. The request identified Father as the parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered. The request also included a declaration by Grandparent's counsel stating that, under penalty of perjury and to the best of his knowledge and belief, the September 2017 order of stipulation had not been modified. Grandfather signed a declaration under penalty of perjury that the foregoing was true and correct.

The Hunt County District Clerk sent a notice of registration to Father via certified mail. Father filed a motion to decline the registration and requested a

–2–

hearing to contest the validity of the child custody determination. Citing a September 2018 adoption decree and findings of facts and conclusions of law, Father asserted that "the child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so."

The trial court held a hearing on Father's motion. The parties did not testify, but Father offered into evidence the September 2018 adoption decree and findings of fact and conclusions of law.[2] The adoption decree, reciting that the court had entered an order terminating Mother's parental rights to the minor children in July 2018, ordered that the minor children were adopted by Father's wife. The court's findings of fact and conclusions of law included the following finding:

> The termination of parental rights associated with the adoption applies exclusively to the birth mother, [Mother], and has no effect on the rights and visitation time currently provided to her parents, [Grandparents], in Case No. 154401514, Fourth Judicial Court. This will not preclude the Petitioners herein or [Grandparents] from requesting a modification of the current visitation time in Case No. 154401514 based on a change of circumstances created by the termination of [Mother's] parental rights herein.

After hearing the argument of counsel, the Hunt County trial court took the matter under advisement. On June 16, 2022, the court entered an order denying the registration of foreign child custody determination. This appeal followed.

---

[2] Case No. 172400229-AD, Fourth Judicial District Court Utah County, State of Utah.

**Registration of a Foreign Child Custody Determination**

In their sole issue, Grandparents contend the trial court abused its discretion in denying their request to register the child custody determination. They assert that Father failed to establish that the adoption decree and findings of fact and conclusions of law constituted a modification of the September 2017 order of stipulation and, even if it did, the trial court simply should have included the adoption decree and findings of fact and conclusions of law in the registration.

Texas Family Code section 152.305 provides the mechanism for registering a child custody determination issued by a court of another state. TEX. FAM. CODE ANN. § 152.305(a). A petitioner must send a request to the appropriate Texas state court, along with (1) two copies (one certified) of the determination sought to be registered; (2) a sworn statement that the determination has not been modified; and (3) the name and address of the person seeking registration and any parent or person who has been awarded custody or visitation in the determination sought to be registered. *Id*.

Upon receiving the request, the Texas court files the determination as a foreign judgment and provides notice and an opportunity to contest the validity of the determination's registration to the persons identified by the petitioner. *Id.* § 152.305(b), (c). If a hearing is requested, the court must confirm the registered determination unless the person contesting it establishes that (1) the issuing court

did not have jurisdiction under subchapter C;[3] (2) the determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so; or (3) the person contesting registration was entitled to notice in the proceedings before the court that issued the order for which registration is sought, but notice was not given in accordance with the standards of section 152.108. *Id.* § 152.305(d).

When a trial court decides a matter involving both factual determinations and legal conclusions, we review the decision for an abuse of discretion. *Razo v. Vargas*, 355 S.W.3d 866, 870 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding) (reviewing court may not substitute its judgment for trial court's judgment in resolving factual issues, but trial court has no discretion when "determining what the law is or applying the law to the facts"). A trial court abuses its discretion when it acts "without any reference to guiding rules or principles." *Razo*, 355 S.W.3d at 870.

In a family law case, the traditional sufficiency standards of review overlap the abuse of discretion standard. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). To determine whether the trial court abused its discretion, we consider whether the trial court (1) had sufficient information on which to exercise its discretion, and (2) erred in exercising its discretion. *Zeifman v. Michels*, 212

---

[3] Subchapter C addresses courts' jurisdiction to make and modify child custody determinations. *See* FAM. §§ 152.201–152.210.

S.W.3d 582, 587–88 (Tex. App.—Austin 2006, pet. denied). We conduct the applicable sufficiency review under the first prong. *Id.* We then determine whether, based on the evidence, the trial court made a decision that was neither arbitrary nor unreasonable. *Id.*

Grandparents first assert that Father failed to establish the child custody determination they sought to register had been modified. Specifically, Grandparents maintain that the adoption decree, as reflected in the findings of fact and conclusions of law, did not modify their rights and visitation time under the order of stipulation. Resolution of this issue requires statutory construction, a question of law that we review de novo. *See Yacopino v. Waters*, No. 03-21-00529-CV, 2022 WL 3691675, at *3 (Tex. App.—Austin Aug. 26, 2022, no pet.) (mem. op.) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008)). We ascertain and give effect to the Legislature's intent as expressed by the statute's language. *Id.* (citing *First Am. Title Ins. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008)). "We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired." *Id.* (citing *City of Rockwall*, 246 S.W.3d at 625). "Otherwise, we construe the statute's text according to its plain and common meaning, unless a contrary intention is apparent from the context or such a construction leads to absurd results." *Id.* We "read the statute as a whole and interpret it to give effect to every part." *Id.* (citations omitted).

Father challenged Grandparents' proposed child custody determination, arguing that it had been modified by the subsequent adoption decree. Chapter 152 defines a "modification" as "a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." FAM. § 152.102(12). Nothing in this broad definition or section 152.305 requires that a modification to a child custody determination specifically affect the rights of the party seeking to register the determination. Indeed, such a construction could lead to absurd results. Section 152.305 provides that, once registered, a determination is enforceable as of the date of registration in the same manner as a determination issued by a Texas court. *See id*. § 152.305(c)(1). Accordingly, in this case, registration of the determination as requested by Grandparents would effectively invalidate the termination of Mother's parental rights as well as the adoption of the minor children by Father's wife.

Father introduced into evidence an adoption decree, which clearly modified the terms of the order of stipulation with respect to the parental rights to the minor children. On this record, we conclude the trial court had sufficient information on which to exercise its discretion and did not abuse its discretion in finding that Father established that the child custody determination that Grandparents sought to register had been modified for purposes of section 152.305.

Grandparents next assert that the trial court nevertheless abused its discretion by not including the adoption decree and the findings of fact and conclusions of law in the child custody determination registration. Grandparents contend that they made a trial amendment supporting the inclusion and the issue was tried by consent.

Texas Rule of Civil Procedure 66 authorizes a trial court to allow amendments to a pleading and requires the court to do so if the amendment would serve the presentation of the merits without prejudicing the opposing party's action or defense on the merits. TEX. R. CIV. P. 66. Under Rule 67, a trial court shall treat an issue as having been raised by the pleadings if it is tried by express or implied consent of the parties. TEX. R. CIV. P. 67. To determine whether an issue was tried by consent, the trial court examines the record not for evidence of the issue, but rather for evidence of trial of the issue. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied).

Grandparents assert their counsel's statement that he "stipulate[d] that the adoption record should be part of the order in this matter if the Court should register" constituted a trial amendment.[4] Grandparents also point to statements by both their counsel and Father's counsel indicating that Grandparents should have included the

---

[4] According to Grandparents' counsel, he had no access to the adoption order because it was under seal and filed in a different county. He and Grandparents, however, clearly had notice of both the termination of Mother's parental rights and the minor children's adoption prior to filing their request for registration because one of the orders they sought to register, the order denying their petition to modify, explicitly referred to both and the related cause number.

adoption decree and findings of fact and conclusions of law as part of the child custody determination they sought to register.

As discussed above, however, a request for registration requires that the petitioner provide the name and address of any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination and the trial court then must provide notice to that parent or person. FAM. § 152.305(a)(3), (b)(2), (c). Here, there was no notice to Father's wife, the adoptive mother of the minor children, regarding the registration. Thus, even if Grandparents made a trial amendment or the issue was tried by consent, we conclude the trial court did not abuse its discretion in denying registration of a determination that included the adoption decree and the findings of fact and conclusions of law.

Finally, Grandparents urge this Court to modify the trial court's "judgment . . . to reflect that the dismissal was without prejudice to refile." The trial court's order denied the registration of the foreign child custody determination and all relief requested by Grandparents. It did not recite that the denial was with prejudice or otherwise constitute a dismissal with prejudice. "Where an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice." *Emerald Waco Invs., Ltd. v. Petree*, No. 05-15-00863-CV, 2016 WL 4010056, at *6 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.) (quoting *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ)). Accordingly, we conclude the trial court's order was a dismissal without prejudice,

having no preclusive effect in a future request to register the foreign child custody determination.

## Conclusion

We overrule Grandparent's sole issue and affirm the trial court's order denying registration of foreign child custody determination.

/Craig Smith/

CRAIG SMITH
JUSTICE

220672F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.S.W.
AND J.E.W., MINOR CHILDREN,

No. 05-22-00672-CV          V.

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 91022.
Opinion delivered by Justice Smith.
Justices Pedersen, III and Goldstein
participating.


In accordance with this Court's opinion of this date, the trial court's order denying registration of foreign child custody determination is **AFFIRMED**.


Judgment entered this 9th day of February 2023.